Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main Street, Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **BHAVICHAND, LLC** | § | **CASE NO. 24-43756-elm11** |
| | § | |
| **Debtor.** | § | **Chapter 11** |

**DEBTOR'S PLAN OF REORGANIZATION
<u>UNDER SUBCHAPTER V OF CHAPTER 11</u>**

# TABLE OF CONTENTS

Article I.        INTRODUCTION...................................................................................4

Article II.       DEFINITIONS ......................................................................................4

Article III.      VOTING ON THE PLAN AND OBJECTIONS  ...................................7

Article IV.       BACKGROUND....................................................................................8
    4.1   Background of the Debtor and Events Leading to Bankruptcy ...........8
    4.2   Significant Events Since the Petition Date.........................................8
    4.3   Assets of the Debtor ..........................................................................9
    4.4   Liabilities of the Debtor ....................................................................9
    4.5   Tax Consequences of the Plan .........................................................10

Article V.        LIQUIDATION ANALYSIS ................................................................11

Article VI.       PLAN OF REORGANIZATION........................................................12
    6.1   Unclassified Claims.........................................................................12
    6.2   Administrative Expense Claims .......................................................12
    6.3   Classification of Claims and Interests..............................................13
    6.4   Claims and Interests Impaired Under the Plan..................................14
    6.5   Treatment of Classified Claims and Interests Under the Plan ...........14
    6.6   Implementation of the Plan ..............................................................15
    6.7   Feasibility of the Plan......................................................................15
    6.8   Provisions Regarding Distributions and Objections to Claims..........16
    6.9   Executory Contracts .......................................................................17

Article VII.      RESERVATION OF CLAIMS ............................................................18
    7.1   Reservation of Claims and Causes of Action....................................18
    7.2   Return of Fraudulent Transfers .......................................................18

Article VIII.     EFFECT OF CONFIRMATION, DISCHARGE, RELEASES
AND INJUNCTION ........................................................................................18
    8.1   Vesting of Property .........................................................................18
    8.2   Plan Creates New Obligations..........................................................19
    8.3   Legal Binding Effect .......................................................................19
    8.4   Discharge........................................................................................19
    8.5   Satisfaction of Claims and Interests.................................................19
    8.6   Modification of the Plan..................................................................19
    8.7   Retention of Jurisdiction .................................................................20
    8.8   Temporary Injunction ......................................................................21

Article IX.       MISCELLANEOUS PROVISIONS ....................................................21
    9.1   Request for Relief Under Bankruptcy Code § 1129(b).....................21
    9.2   Headings.........................................................................................21
    9.3   Due Authorization ..........................................................................21

9.4      Further Assurances and Authorizations .................................................................21
9.5      Applicable Law ........................................................................................................21
9.6      No Interest ...............................................................................................................22
9.7      Post-Confirmation Actions......................................................................................22
9.8      Notices of Default ...................................................................................................22
9.9      Notices......................................................................................................................22
9.10    Payment Dates..........................................................................................................22
9.11    De Minimis Distribution ........................................................................................22

EXHIBITS:

Exhibit 1 – Schedule A/B

## ARTICLE I.  INTRODUCTION

This Plan of Reorganization under Subchapter V of Chapter 11 (the "Plan") is proposed by Bhavichand, LLC, the debtor in this Bankruptcy Case (the "Debtor").  This case was initiated by the filing of a voluntary petition for relief by the Debtor on October 16, 2024 under Subchapter V of Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division. This *Debtor's Plan of Reorganization Under Subchapter V of Chapter 11* is provided pursuant to the Bankruptcy Code to all the Debtor's known creditors and other parties in interest. Under the Plan the Debtor will pay 100% of all Allowed Secured Claims and a monthly dividend to Allowed Unsecured Claims. The details of the Plan are set out in Article VI of this document.

The Office of the United States Trustee appointed Frances A. Smith to serve as the Subchapter V Trustee in this Case (the "Trustee").  The Trustee is responsible for monitoring the Case and ensuring the Debtor's compliance with the applicable provisions of the U.S. Bankruptcy Code.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

## ARTICLE II.  DEFINITIONS

Except as expressly provided herein or unless the context otherwise requires, the terms set forth in this Article II shall have the following meanings when used in initially capitalized form in this Plan. Any term used in initially capitalized form that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code. Such meanings shall be equally applicable to both the singular and plural forms of such terms.

"**Administrative Expense Claim**" means an administrative expense or claim described in Bankruptcy Code § 503 and entitled to administrative priority pursuant to Bankruptcy Code § 507(a)(1), including, but not limited to, Fee Claims.

"**Allowed Amount**" means the amount of any Allowed Claim.

"**Allowed Claim**" means a Claim against the Debtor allowable under the Bankruptcy Code to the extent that: (i) a Proof of Claim or request for payment was timely filed, or, with leave of the Bankruptcy Court, late filed, and as to which no objection has been timely filed with the Bankruptcy Court, or, if filed, is allowed by a Final Order, unless otherwise provided in this Plan; (ii) the Claim is scheduled and not listed as disputed, contingent, or unliquidated, and no objection has been timely filed or, if filed, is allowed by a Final Order; or (iii) with respect to an Administrative Expense Claim or Fee Claim, the Administrative Expense Claim or Fee Claim has been approved by a Final Order upon notice and application to the Bankruptcy Court.

"**Assets**" means property of the Estate.

"**Avoidance Actions**" means any and all rights, claims, and causes of action which a trustee, Debtor, or other appropriate party in interest would be able to assert on behalf of the Estate under applicable state statutes or the avoidance provisions of chapter 5 of the Bankruptcy Code, including actions under one or more of the provisions of Bankruptcy Code §§ 506, 542-551, and 553.

"**Bankruptcy Case**" or "**Case**" means this Case No. 24-43756 pending before the Bankruptcy Court.

"**Bankruptcy Code**" or "**Code**" means the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, as amended.

"**Bankruptcy Court**" or "**Court**" means the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division, or other such court that may have jurisdiction with respect to the reorganization of the Debtor pursuant to Chapter 11 of the Bankruptcy Code.

"**Bankruptcy Rules**" means the Federal Rules of Bankruptcy Procedure, as amended, and "**Bankruptcy Rule**" refers to a specific rule therein.

"**Bar Date**" means December 26, 2024, the deadline established by the Bankruptcy Court pursuant to Bankruptcy Rule 3003(c)(3), after which any Proof of Claim may not be timely filed, except Claims held by governmental agencies.

"**Business Day**" shall mean any day that is not a Saturday, Sunday, or one of the legal holidays listed in Bankruptcy Rule 9006(a).

"**Claim**" shall have the meaning set forth in Bankruptcy Code § 101(5).

"**Claimant**" or "**Creditor**" means the holder of a Claim or interest in the Assets.

"**Class**" means any class into which Claims are classified pursuant to Article VI of the Plan. Each subclass of a class shall be treated as a separate class.

"**Collateral**" means any Assets of the Debtor subject to a valid Lien held by a Secured Creditor.

"**Confirmation**" means the Bankruptcy Court's entry of the Confirmation Order.

"**Confirmation Date**" means the date on which the Order confirming this Plan is entered.

"**Confirmation Hearing**" means the hearing or hearings held before the Bankruptcy Court in which the Debtor will seek Confirmation of this Plan.

"**Confirmation Order**" means the Order confirming this Plan.

"**Contested**" when used with respect to a Claim, means a Claim against the Debtor: (i) that is listed in the Debtor's Schedules of Assets and Liabilities as disputed, contingent, or unliquidated; (ii) that is listed in the Debtor's Schedules of Assets and Liabilities as undisputed, liquidated, and not contingent and as to which a Proof of Claim has been filed with the Bankruptcy Court, to the extent the Proof of Claim amount exceeds the scheduled amount; (iii) that is the subject of

a pending action in a forum other than the Bankruptcy Court unless such Claim has been determined by Final Order in such other forum and Allowed by Final Order of the Bankruptcy Court; or (iv) as to which an objection has been or may be timely filed and has not been denied by Final Order. To the extent an objection relates to the allowance of only a part of a Claim, such Claim shall be a Contested Claim only to the extent of the objection.

"**Debtor**" means Bhavichand, LLC, the Debtor herein. Where the context so requires, "**Debtor**" shall also include the Reorganized Debtor after Confirmation of the Plan.

"**Disputed**" with respect to a Claim means either: (i) a Claim which has been objected to by the Debtor; or (ii) a Claim that is listed on the Debtor's bankruptcy schedules as "disputed, contingent or unliquidated" and for which such Creditor or Interest holder has not filed a Proof of Claim.

"**Effective Date**" means the thirtieth (30th) day after the Confirmation Date.

"**Estate**" means the bankruptcy estate of the Debtor in this Case.

"**Fee Claim**" means a Claim under Bankruptcy Code §§ 330 or 503 for allowance of compensation and reimbursement of expenses to professionals in this Bankruptcy Case.

"**Fee Application**" means an application filed with the Bankruptcy Court for allowance of a Fee Claim.

"**Final Order**" means an Order as to which any appeal that has been taken has not been stayed following the expiration of the time for appeal or has been resolved, or as to which the time for appeal has expired.

"**Impaired**" means the treatment of an Allowed Claim or Interest pursuant to the Plan unless, with respect to such Claim or Interest, either: (i) the Plan leaves unaltered the legal, equitable and contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim or Interest to demand or receive accelerated payment of such Claim or Interest after occurrence of a default, the Debtor (A) cures any default that occurred before or after the commencement of the Chapter 11 Case on the Petition Date, other than default of the kind specified in § 365(b)(2) of the Bankruptcy Code; (B) reinstates the maturity of such Claim or Interest as such maturity existed before such default; (C) compensates the holder of such Claim or Interest for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) does not otherwise alter the legal, equitable or contractual rights to which such Claim or Interest entitles the holder of such Claim or Interest; or (iii) the Plan provides that on the Effective Date, the holder of such Claim or Interest receives, on account of such Claim or Interest, cash equal to the Allowed Amount of such Claim or Interest.

"**Insider**" has the meaning provided by § 101(31) of the Bankruptcy Code.

"**Interest**" means any equity or ownership interest in the Debtor.

"**Lien**" means any charge against or interest in property to secure payment of debt or performance of an obligation and includes a judicial lien, security interest, and deed of trust, mortgage and property tax lien.

"**Order**" means an Order of the Bankruptcy Court.

"**Petition Date**" means October 16, 2024, the date on which an Order for Relief was entered by the Court.

"**Plan**" means this Plan of Reorganization under Subchapter V of Chapter 11, including any amendments, modifications or corrections made thereto pursuant to the Bankruptcy Code.

"**Priority Tax Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(8).

"**Priority Wage Claim**" means a Claim entitled to priority pursuant to Bankruptcy Code § 507(a)(4)(A).

"**Proof of Claim**" means a written statement setting forth a Creditor's Claim filed in this Case and conforming substantially to the appropriate official form.

"**Pro Rata**" means the allocated share of a pool of funds to an Allowed Claim based on the amount of the Claim in relation to the sum of all other Claims in the relevant Class.

"**Schedules and Statements**" means and refers to each of the Debtor's bankruptcy schedules A/B, D-H and Statement of Financial Affairs.

"**Secured Claim**" means a Claim that is secured within the meaning of Bankruptcy Code § 506(a). Should the value of the collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the collateral and an Unsecured Claim for the remainder.

"**Unsecured Claim**" means any Claim that is not a Secured Claim or an Administrative Expense Claim and that is not entitled to priority treatment under Bankruptcy Code § 507.

## <u>ARTICLE III. VOTING ON THE PLAN AND OBJECTIONS</u>

**3.1** <u>**Who May Vote**</u>

You are entitled to vote on the Plan unless:

    (1)      your Claim or Interest is Disputed (as defined herein);

    (2)      your Class receives no distribution (presumed to reject the Plan);

    (3)      your Class is "unimpaired" (presumed to accept the Plan – *See* Article VI to see if your Class is Impaired or unimpaired); or

    (4)      your Claim is unclassified (and thus required by law to be paid in full).

If your Claim or Interest is Disputed, then you must file a motion and have it allowed for voting purposes (you must do that soon so that your motion can be heard before votes are counted. *See* Bankruptcy Rule 3018(a).

### 3.2    **How to Vote**

Fill out and return the attached ballot (if you are entitled to vote) **by the deadline** and according to the other instructions in the enclosed order regarding voting and procedures.

### 3.3    **Effect of Vote**

After a plan of reorganization has been filed, it must either be accepted by holders of claims against, or interests in, the debtor, or be found by the Court not to discriminate unfairly and that it is fair and equitable with respect to each class of claims or interests that is impaired under the plan or that has not accepted the plan.

Acceptance of the plan by the Creditors and Equity Interest Holders is important. In order for the plan to be accepted by each class of claims, the creditors that hold at least two thirds (2/3) in amount and more than one-half (½) in number of the allowed claims actually voting on the plan in such class must vote for the plan and the equity interest holders that hold at least two-thirds (2/3) in amount of the allowed interests actually voting on the plan in such class must vote for the plan. A Subchapter V Chapter 11 does not require that each holder of a claim against, or interest in, the debtor vote in favor of the plan in order for it to be confirmed by the Court.

### 3.4    **Who May Object**

Even if you are not entitled to vote, you may object to Confirmation of the Plan if you believe that the requirements for Confirmation are not met (and if you are a party in interest in this bankruptcy case). For the deadlines and procedures to object, see the enclosed order.

## ARTICLE IV.  BACKGROUND

### 4.1    **Background of the Debtor and Events Leading to Bankruptcy**

The Debtor owns and operates a Motel 6 in Alvarado, Texas (the "Hotel"). The Debtor is in the process of purchasing the land on which the Hotel is located pursuant to a Contract for Deed with Sadit, LLC. The Debtor's revenue declined due to the Covid-19 pandemic, which reduced occupancy rates. This led to the Debtor's inability to fully service its debt and ultimately the filing of this case.

### 4.2    **Significant Events Since the Petition Date**

  **a.**  On December 26, 2024, the Court entered an order allowing the Debtor to use the cash collateral of its secured lender according to an operating budget.

  **b.**  On December 26, 2024, the Court entered an interim order modifying the automatic stay pending a final hearing to be held January 23, 2025.

### 4.3    Assets of the Debtor

The Debtor scheduled the following Assets owned as of the Petition Date:

a.    Contract for Deed to purchase real property from Sadit LLC dated September 1, 2024, valued at $2,300,000.00 (described as "Contract 3" in Sadit's Motion for Relief from Automatic Stay filed in the Bankruptcy Case (Dkt. 42)).

b.    Room furnishings valued at $30,000.00; and

c.    Office equipment valued at $35,000.00;

Such Assets are listed in detail on the Debtor's Schedule B, which is attached hereto as **Exhibit "1"**.

### 4.4    Liabilities of the Debtor

The Debtor scheduled total Claims of $629,408.00 as of the Petition Date (excluding Administrative Expense Claims). Creditors may file Proofs of Claim that differ from the Schedules. Filed Proofs of Claim supersede Claims scheduled for the same Claimant.

The Debtor's liabilities are further described as follows:

a.    **Administrative Expense Claims.**

The Estates will be liable for certain Administrative Expense Claims pursuant to Bankruptcy Code §503(b) through the Confirmation Date, including Fee Claims of Joyce W. Lindauer Attorney, PLLC as the Debtor's bankruptcy counsel. Before the Debtor pays any Fee Claims, the Bankruptcy Court will have determined the reasonableness of such fees and expenses.

b.    **Priority Claims.**

The Internal Revenue Service filed a Priority Claim in the amount of $26,849.85.

The Comptroller of Public Accounts filed a Priority Claim in the amount of $2,185.40.

c.    **Secured Claims.**

The Debtor scheduled a Secured Claim held by Alternative Funding Group Corp. in the amount of $147,498.00. This Claim was scheduled as a disputed, unliquidated and contingent claim and the Claimant failed to file a Proof Claim by the Bar Date. Therefore, this Claim likely will be disallowed and will not be paid under this Plan.

The Debtor scheduled a Secured Claim held by the U.S. Small Business Administration in the amount of $157,097.46.

Alvarado Independent School District filed a Secured Claim in the amount of $18,759.55.

The City of Alvarado filed a Secured Claim in the amount of $12,580.94.

Ascentium Capital filed two Secured Claims, one for $33,976.57 and another for $30,424.20.

Johnson County filed a Secured Claim in the amount of $7,797.65

### d.   Unsecured Claims.

The Debtor scheduled total Unsecured Claims in the amount of $146,927.58.

Unsecured Claims were filed by:

Sadit LLC ($140,826.81),

Forward Financing LLC ($41,441.00),

TXU Energy ($11,102.50),

Capital One NA ($4,676.98),

Wells Fargo Bank ($4,198.94),

U.S. Bank ($2,586.38),

TMobile USA, Inc. ($938.17) and

Atmos Energy ($429.65).

### 4.5   Tax Consequences of the Plan

**a.   Disclaimer.** The Debtor does not purport to provide tax advice to the holders of Claims. The following is intended only as a summary of possible federal income tax consequences of the Plan and is not a substitute for careful tax planning with a tax professional. The following is for information purposes only and is NOT tax advice. The tax consequences are in many cases uncertain and may vary depending on a holder's individual circumstances. Accordingly, holders of Claims are urged to consult with their tax advisors about the federal, state, local, and foreign tax consequences of the Plan on their tax returns and tax liabilities.

**b.   Tax Consequences.** Implementation of the Plan may result in federal income tax consequences to holders of Claims or Interests and the Debtor. Tax consequences to a particular Claim or Interest holder may depend on the particular circumstances or facts regarding the Claim or Interest. IRS Publication 908, entitled "Bankruptcy Tax Guide" provides valuable information regarding the federal income tax aspects of bankruptcy. The "Bankruptcy Tax Guide" is available directly from the IRS online at http://www.irs.gov/pub/irs-pdf/p908.pdf.

c.     **Cancellation of Debt.** Cancellation of the Debtor's debt ("**COD**") is generally considered as taxable income of the Debtor. COD is the amount by which the indebtedness discharged exceeds any consideration given in exchange. However, there are exceptions which prevent COD from being treated as taxable income. To the extent the Debtor is insolvent or the Debtor is discharged in a bankruptcy proceeding, as is the case at bar, the Internal Revenue Code excludes COD from income. The statutory exclusion for COD from the Debtor's gross income in a Chapter 11 bankruptcy case arises where a discharge is granted by the Court as is requested in the Plan.

d.     **Holders of Allowed Claims.** The tax consequences associated with distributions under the Plan to the holders of an Allowed Claim will depend on, among other things: (i) the consideration received or deemed to have been received by the holder of any such Claim; (ii) whether the Allowed Claim holder reports income on an accrual or cash basis; (iii) the taxable year in which any distributions under the Plan are received by the Allowed Claim holder; (iv) whether the Claim was Allowed or Contested/Disputed as of the Effective Date; and (v) whether such Allowed Claim holder had previously written the obligation off as bad debt. ALLOWED CLAIM HOLDERS ARE URGED TO CONSULT WITH THEIR TAX ADVISORS ABOUT THE FEDERAL, STATE, LOCAL AND FOREIGN TAX CONSEQUENCES OF THE PLAN.

## ARTICLE V.  CHAPTER 7 LIQUIDATION ANALYSIS

Section 1129(a)(7) of the Bankruptcy Code requires that a Chapter 11 plan of reorganization must provide at least as much value to each Impaired Creditor as could be realized in a liquidation under Chapter 7 of the Bankruptcy Code.

In determining whether the requirements of Section 1129(a)(7) of the Bankruptcy Code have been met, the first step is to determine the dollar amount that would be generated from a hypothetical liquidation of the Debtor's assets in Chapter 7. Such amounts must then be reduced by the costs and expenses of the liquidation. Further reductions would be required to eliminate cash and asset liquidation proceeds that would be applied to Secured Claims and amounts necessary to satisfy Priority Claims that are senior to general Unsecured Claims (and Administrative Expense Claims that may result from the termination of the Debtor's business and the liquidation of its assets).

## Liquidation Analysis

Liabilities shown below are as scheduled by the Debtor, or, if a Creditor filed a Proof of Claim, in the amount of said Claim.

The Debtor believes that in a Chapter 7 liquidation the Chapter 7 trustee would reject the Contract for Deed with Sadit LLC. The Debtor further believes the scheduled value of its personal property assets would be reduced by 50% and the costs of liquidation of the personal property would be approximately 5% of the value.

Based on the above, the Debtor estimates that the results of a Chapter 7 liquidation would be as follows:

**Assets in Chapter 7 liquidation**

| | |
|---|---|
| Contract for Deed | $0 |
| Room Furnishings | $15,000 |
| Office Equipment | $17,500 |
| Less 5% sale costs | <$1,600> |
| | |
| Total Assets in liquidation | $30,400 |

**Liabilities**

| | |
|---|---|
| Administrative Expenses and UST Fees | $20,000[1] |
| Priority Claims | $29,035 |
| Secured Claim of Alvarado Independent School District | $18,760 |
| Secured Claim of the City of Alvarado | $12,581 |
| Secured Claim of Johnson County | $7,798 |
| Secured Claim of U.S. Small Business Administration | $157,097 |
| Secured Claims of Ascentium Capital | $64,401 |
| Unsecured Claims | $334,170 |
| | |
| Total Liabilities | $978,012 |

**NOTE: As shown by the above chart, in a Chapter 7 liquidation Secured Claims would be paid only a small amount and Unsecured Claims would receive nothing. Under this Plan, however, Allowed Secured Claims will be paid in full with interest and Unsecured Creditors will receive a Pro Rata share of a pool of funds contributed by the Debtor. Therefore, Creditors will receive at least as much under this Plan as they would in a Chapter 7 liquidation.**

## ARTICLE VI.  PLAN OF REORGANIZATION

**Treatment of Unclassified Claims, Administrative Expense Claims, Priority Tax Claims, and U.S. Trustee Fees**

      **6.1**     **Unclassified Claims.** All Allowed Claims (except Administrative Expense Claims and Priority Tax Claims) are placed in Classes for all purposes, including voting on, confirmation of, and distributions under this Plan. In accordance with Bankruptcy Code § 1123(a)(1), Administrative Expense Claims and Allowed Priority Tax Claims have not been classified.

      **6.2**     **Administrative Expense Claims.** Each holder of an Administrative Expense Claim under Bankruptcy Code § 503 shall receive either: (i) with respect to Administrative Expense Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Administrative Expense Claims which become Allowed Claims after the

---

1. Debtor's estimate.

Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Administrative Expense Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

**a.      Fee Claims.** Each professional person whose retention with respect to  this Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Expense Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The Subchapter V Trustee is a professional in this case. The failure to file timely any such application as required shall result in the Fee Claim being forever barred and discharged. A Fee Claim, with respect to which a Fee Application has been properly filed, shall become an Administrative Expense Claim only to the extent allowed by Final Order. Fee Claims shall be paid either: (i) with respect to Fee Claims which are Allowed Claims on the Effective Date, the amount of such holder's Allowed Claim in one cash payment, within ten (10) days after the Effective Date, from the Debtor; (ii) with respect to Fee Claims which become Allowed Claims after the Effective Date, the amount of such holder's Allowed Claim, in one cash payment from the Debtor within ten (10) days after such Claim becomes an Allowed Fee Claim; or (iii) such other treatment agreed upon by the Debtor and such holder.

**b.      Administrative Expense Claims Bar Date.** Any other person or entity who claims to hold an Administrative Expense Claim (other than a Fee Claim) shall be required to file with the Bankruptcy Court an application within sixty (60) days after the Effective Date and to serve notice thereof on all parties entitled to such notice. The failure to file timely the application as required under this section) of this Plan shall result in the Claim being forever barred and discharged. An Administrative Expense Claim with respect to which an application has been properly filed and to which no timely objection has been filed or an objection has been filed but overruled by the Bankruptcy Court, shall become an Allowed Claim to the extent such Claim is allowed by Final Order.

**c.      Priority Claims.** Priority Claims shall be paid in full over the period from the Effective Date to the expiration of 60 (sixty) months from the Petition Date, with interest thereon at the statutory rate of interest.  The Claims will be paid in equal monthly installments of principal and interest, commencing on the first day of the first month following the Effective Date and continuing on the first day of each month thereafter.

The Internal Revenue Service filed a Priority Claim in the amount of $26,849.85.

The Comptroller of Public Accounts filed a Priority Claim in the amount of $2,185.40.

### 6.3      Classification of Claims and Interests

Claims against the Debtor, excluding Administrative Expense Claims and Priority Claims. are divided into the following Classes:

**Class 1 Claim:  Allowed Secured Claim of Alvarado Independent School District.**

**Class 2 Claim:  Allowed Secured Claim of the City of Alvarado.**

**Class 3 Claim:  Allowed Secured Claim of Johnson County.**

**Class 4 Claim:  Allowed Secured Claim of U.S. Small Business Administration.**

**Class 5 Claims:  Allowed Secured Claims of Ascentium Capital.**

**Class 6 Claims:  Allowed Unsecured Claims.**

**Class 7 Equity Interests: Equity Interest Holders.**

### 6.4     Claims and Interests Impaired Under the Plan

The Claims in all the above Classes are Impaired and entitled to vote on this Plan, except Class 7 Equity Interests, which are not Impaired.

### 6.5     Treatment of Classified Claims and Interests Under the Plan

**General Provisions Regarding Treatment of Claims.**

All Allowed Secured Claimants shall retain all their liens on any Collateral securing their Claims.

No Claimant shall be entitled to a pre-payment penalty if their Claim is paid early.

Should the value of the Collateral securing a Secured Claim be less than the amount of the Claim, the Claim will be bifurcated into a Secured Claim equal to the value of the Collateral and an Unsecured Claim for the remainder.

Should the Collateral for a Secured Claim be sold during the term of this Plan, the Secured Claim will be paid in full at the closing of the sale.

**Class 1: Class 1 Claim:  Allowed Secured Claim of Alvarado Independent School District.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 2: Allowed Secured Claim of the City of Alvarado.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 3 Claim:  Allowed Secured Claim of Johnson County.** This Claim shall be paid in full in equal monthly installments of principal with interest thereon at the rate of 12% per annum. Payments will commence on the first day of the first month following the Effective Date and continue until the expiration of 60 months from the Petition Date. Interest shall begin to accrue on the Petition Date. This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 4 Claim:  Allowed Secured Claim of U.S. Small Business Administration.** This Claim shall be paid in full over 60 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum.  This Claim is Impaired, and the holder of this Claim is entitled to vote to accept or reject the Plan.

**Class 5 Claims:  Allowed Secured Claims of Ascentium Capital.** These Claims shall be paid in full over 60 months from the Effective Date in equal monthly installments of principal with interest thereon at the rate of 5% per annum.  These Claims are Impaired, and the holder of these Claims are entitled to vote to accept or reject the Plan.

**Class 6 Claims:  Allowed Unsecured Claims.** These Claims shall be satisfied by the monthly distribution of each Claimant's Pro Rata share of a pool of $2,500.00 per month funded by the Debtor, for a period of 60 months from the Effective Date.  These Claims are Impaired, and the holders of these Claims are entitled to vote to accept or reject the Plan.

**Class 7: Equity Interests:** Equity Interests shall be retained by the owners of said Interests.

### 6.6    Implementation of the Plan

  **a.    Source of Payments.** The Debtor intends to make all payments required under the Plan from the net profits earned from the operation of the Hotel and, if necessary, the capital contributions of its owners.

  **b.    Risk Factors.** *Consider carefully the factors set forth below and the other information set forth in this Plan prior to voting on the Plan. These risk factors should not, however, be regarded as constituting the only risks involved with the Plan and its implementation.*

Bankruptcy Considerations. Although the Debtor believes the Plan satisfies all requirement necessary for Confirmation, there can be no assurance that the Court will reach the same conclusion. Moreover, there can be no assurance that modifications of the Plan will not be required for Confirmation or that such modifications would not necessitate the re-solicitation of votes to accept the Plan as modified.

### 6.7    Feasibility of the Plan

The Debtor believes the Plan is feasible because all creditors with Allowed Claims will be paid under fair and equitable terms.  Projections for the feasibility of the Plan will be provided.

### 6.8     Provisions Regarding Distributions and Objections to Claims

    **a.     Time of Payment.** The first month in which payments will be made under this Plan will be as provided by the terms of this Plan.

    **b.     Delivery of Payment.** All payments or distributions required under this Plan shall be made to holder of the applicable Claim at: (i) the address set forth on the Proofs of Claim filed by such holders (or at the last known address of such holders if no Proof of Claim is filed or if the Debtor has been notified of a change of address); (ii) the address set forth in any written notices of address change delivered to the Debtor after the date of any related Proof of Claim; or (iii) if neither of the foregoing is applicable, at the addresses reflected in the Debtor's bankruptcy schedules, unless otherwise agreed to by the holder of such Claim and the Debtor.

    **c.     Confirmation under Section 1191(b) – Distributions by Trustee.** If the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the Trustee shall serve as the payment administrator pursuant to 11 U.S.C. section 1194(b) for the purpose of making distributions under the Plan and shall be compensated for their work as payment administrator at the same hourly rate as may be approved by the Court for his pre-Confirmation work in this Case.  The Debtor shall submit such funds as are necessary for the Trustee to make distributions under the Plan no later than seven (7) days prior to the date such distributions are due.

    **d.     Confirmation under Section 1191(b) – Disposable Income Distributions.** In the alternative to the treatment of Class 3 Unsecured Claims as stated in Article VI above, if the Plan is determined to be a "non-consensual" plan under Bankruptcy Code Section 1191(b), all of the Debtor's disposable income will be paid pro-rata to Class 3 Claimants on a monthly basis over 36 months. "Disposable income" shall mean all income remaining after the Debtor's payment of its reasonable and necessary expenses, less a reserve of $10,000 to be built by the Debtor's retention of $2,500 per month for the first four months following the Effective Date.

    **e.     No Distribution Pending Allowance or Estimation of Claims.** No payments or distributions shall be made with respect to all or any portion of a Contested Claim unless and until such Claim becomes an Allowed Claim or Allowed Interest, as determined by Final Order. No holder of a Claim shall be entitled to any payment under the Plan if such holder has retained property of the Estate.

    **f.     Objections to Claims.** Any party authorized by the Bankruptcy Code may object to the allowance of prepetition Claims at any time prior to sixty (60) days after the Effective Date or, as to Claims based upon the Debtor's rejection pursuant to this Plan of an executory contract or unexpired lease, at any time prior to thirty (30) days after the filing of any such rejection Claim. Any Proof of Claim filed after the Bar Date shall be of no force and effect and shall be deemed disallowed. All Contested Claims shall be litigated to Final Order; provided, however, that the Reorganized Debtor may compromise and settle any Contested Claim, subject to the approval of the Bankruptcy Court. Notwithstanding the foregoing, a person who is found to have received a voidable transfer shall have thirty

(30) days following the date upon which the order ruling that such transfer is avoidable becomes a Final Order in which to file a Claim in the amount of such avoided transfer.

      **g.**     **Suspension of Payments on Disputed Claims.** If any Claim has been objected to within the time required, the Debtor shall segregate and set aside, from the funds on hand for distribution to the Claimant's Class, funds sufficient to satisfy the payment otherwise due on the Claim according to the provisions of the Plan. In the event that the claim objection is overruled or a dispute is resolved favorably to the party asserting the Claim, then the funds shall be paid to the Creditor in accordance with applicable Class provisions. If the Disputed Claim is disallowed, the funds segregated in deference to the Claim shall be disbursed to other parties in interest, according to the applicable provisions of the Plan.

      **h.**     **Post-Confirmation Fees and Expenses of the Trustee.** The Trustee shall be entitled to recoup reasonable fees and costs incurred performing her obligations as Trustee under this paragraph from the Plan Payments by submitting a fee and expense statement to the Reorganized Debtor, the Office of the United States Trustee, and Holders of Allowed Claims (the "Notice Parties"). The Trustee shall be compensated for his post-confirmation duties at normal hourly rates and shall be paid from the amounts paid by the Debtor for Plan Payments. The amount distributed or reserved to creditors will be net of the amounts remitted by the Reorganized Debtor to the Trustee. The Trustee's fees and expense shall be disclosed in the quarterly report filed with the Court. All parties in interest will have 21 days after the quarterly report is filed to object to the Trustee's fees and expenses disclosed therein. If no objection is received, the Trustee may disburse her fees and expenses from the Plan Payments without further order of the Court.

## 6.9   <u>Executory Contracts</u>

      **General Rejection of Executory Contracts and Unexpired Leases.** Except for executory contracts and unexpired leases that have been assumed, and if applicable assigned, before the Effective Date or under this section of this Plan, or that are the subject of a pending motion to assume, and if applicable assign, or that were entered after the Petition Date, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

      The Debtor hereby ASSUMES its Contract for Deed to purchase real property from Sadit LLC dated September 1, 2024, in the original principal amount of $2,200,000.00 (described as "Contract 3" in Sadit's Motion for Relief from Automatic Stay filed in the Bankruptcy Case (Dkt. 42)).

      The Debtor hereby ASSUMES its hotel franchise agreement with 06 Hospitality.

## ARTICLE VII.  RESERVATION OF CLAIMS

### 7.1    Reservation of Claims and Causes of Action

Any and all claims, causes of action, cross claims, or counterclaims held or assertable by the Debtor, including but not limited to: (i) any claim or cause of action under a policy of liability insurance or otherwise; (ii) the Avoidance Actions; and (iii) any and all claims, causes of action, counterclaims, demands, controversies, against third parties on account of costs, debts, sums of money, accounts, reckonings, bonds, bills, damages, obligations, liabilities, objections, and executions of any nature, type, or description which the Debtor have or may come to have, including, but not limited to, negligence, gross negligence, usury, fraud, deceit, misrepresentation, conspiracy, unconscionability, duress, economic duress, defamation, control, interference with contractual and business relationships, conflicts of interest, misuse of insider information, concealment, disclosure, secrecy, misuse of collateral, wrongful release of collateral, failure to inspect, environmental due diligence, negligent loan processing and administration, wrongful setoff, violations of statutes and regulations of governmental entities, instrumentalities and agencies (both civil and criminal), racketeering activities, securities and antitrust violations, tying arrangements, deceptive trade practices, breach or abuse of fiduciary duty, breach of any alleged special relationship, course of conduct or dealing, obligation of fair dealing, obligation of good faith, whether or not in connection with or related to this Plan, at law or in equity, in contract or in tort, or otherwise, known or unknown, suspected or unsuspected, are hereby preserved and retained for enforcement by the Debtor as of the Confirmation Date. It is the intent of the Debtor that this reservation of claims shall be as broad as permitted by applicable law and shall include all claims, whether or not disclosed in the Debtor's Schedules and Statements.

The Debtor hereby reserves and retains all causes of action, claims and counterclaims it may have against Sadit, LLC.

### 7.2    Return of Fraudulent Transfers

Any Creditor determined to have received a transfer that is voidable pursuant to sections 544, 547, 548, 549, and/or 550 of the Bankruptcy Code or any other applicable law shall be required to remit to the Debtor the determined amount of the avoided transfer prior to receiving any distribution under this Plan.

## ARTICLE VIII.  EFFECT OF CONFIRMATION, DISCHARGE, RELEASES AND INJUNCTION

### 8.1    Vesting of Property

On the Confirmation Date of the Plan, all property of the Estate shall vest in the Debtor pursuant to sections 1141(b) and (c) of the Bankruptcy Code, free and clear of all Claims and interests except as otherwise provided in this Plan. However, if the Plan is Confirmed as a non-consensual plan under the provisions of 11 U.S.C. section 1191(b), the property of the Estate will not re-vest in the Debtor on the Confirmation Date but will remain as property of the Estate until the final payment is made under the Plan. This Plan will evidence the release of all Liens or

encumbrances against all property dealt with by the Plan, unless such Lien or encumbrance is specifically retained in the Plan.

### 8.2     Plan Creates New Obligations

Except as otherwise provided in the Plan, (1) the payment terms promised in the Plan constitute new contractual obligations that replace any payment terms that existed prior to the Effective Date, and (2) all rights and obligations other than those new payment terms continue to apply.

### 8.3     Legal Binding Effect

The provisions of this Plan shall bind all holders of Claims and interests, whether or not they accept this Plan.

### 8.4     Discharge

If the Debtor's Plan is confirmed under § 1191(a), on the Effective Date of the Plan, the Debtor will be discharged from any debt that arose before Confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; or (ii) to the extent provided in § 1141(d)(6).

If the Debtor's Plan is confirmed under § 1191(b), Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments due within the first 5 years of this Plan, or as otherwise provided in § 1192 of the Code. The Debtor will not be discharged from any debt: (i) on which the last payment is due after the first 5 years of the plan, or as otherwise provided in § 1192; or (ii) excepted from discharge under § 523(a) of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

### 8.5     Satisfaction of Claims and Interests

Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction of all Claims of any Creditor, including Claims arising prior to the Effective Date.

### 8.6     Modification of the Plan

**Prior to Confirmation.** The Debtor may modify this Plan at any time prior to Confirmation, provided the modification complies with the requirements of sections 1122, 1123 and 1127 of the Bankruptcy Code. Upon the filing of any such modifications with the Bankruptcy Court, the Plan, as modified, becomes the Plan.

**After Confirmation.** The Debtor may modify the Plan at any time after Confirmation, upon compliance with Bankruptcy Code § 1127. The Debtor or their attorney shall provide notice of any such proposed modification to all Creditors and other parties in interest in these Chapter 11 proceedings. If, in the opinion of the Bankruptcy Court, the modification does not materially and adversely affect the interest of the Creditors, the Bankruptcy Court may modify the Plan without

notice to Creditors or may modify the Plan upon notice only to those Creditors that the Bankruptcy Court deems to be materially and adversely affected.

**8.7** **Retention of Jurisdiction**

The Bankruptcy Court shall retain jurisdiction over this Bankruptcy Case after Confirmation of the Plan to the fullest extent provided for, or allowed, under the Bankruptcy Code and other applicable law. Specifically, but not by way of limitation, the Bankruptcy Court shall retain jurisdiction for the following purposes:

    **a.**    to consider and effect any modification of this Plan under Bankruptcy Code § 1127;

    **b.**    to hear and determine all controversies, suits and disputes that arise in connection with the interpretation, implementation, effectuation, consummation or enforcement of this Plan;

    **c.**    to hear and determine all requests for compensation and/or reimbursement of expenses for the period commencing on the Petition Date through the Confirmation Date;

    **d.**    to hear and determine all objections to Claims and Interests, and to determine the appropriate classification of any Claim or Interest, and other controversies, suits and disputes that may be pending at or initiated after the Confirmation Date, except as provided in the Confirmation Order;

    **e.**    to hear and determine all causes of action;

    **f.**    to consider and act on such other matters consistent with this Plan as may be provided in the Confirmation Order;

    **g.**    to make such Orders as are necessary and appropriate to carry out and implement the provisions of this Plan; including to effect the further assurances provided in this Plan;

    **h.**    to approve the reasonableness of any payments made or to be made, within the meaning of Bankruptcy Code § 1129(a)(4);

    **i.**    to exercise the jurisdiction granted pursuant to sections 505(a) and (b) of the Bankruptcy Code to determine any and all federal, state, Commonwealth, local and foreign tax liabilities of, and any and all refunds of such taxes paid by the Debtor;

    **j.**    to hear and determine any issues or matters in connection with any property not timely claimed as provided in this Plan; and

    **k.**    to determine any and all motions, applications, adversary proceedings and Contested matters whether pending in the Case as of the Effective Date or brought subsequently by the Debtor.

Nothing contained herein shall be construed to limit the rights of the Debtor to commence or prosecute any claim in any court of competent jurisdiction

**8.8      Temporary Injunction**

Except as otherwise expressly provided in, or permitted under, this Plan, the Confirmation Order shall provide, among other things, that all Creditors and persons who have held, hold, or may hold Claims or Interests against the Debtor, are enjoined on and after the Effective Date as long as the Plan is not in default and has not been completed against the: (i) commencement or continuation of any judicial, administrative, or other action or proceeding against the Debtor or any third-party guarantor on account of Claims against the Debtor; (ii) enforcement, attachment, collection, or recovery by any manner or means of any judgment, award, decree, or order against the Debtor or any third-party guarantor or any assets or property of same; or (iii) creation, perfection, or enforcement of any encumbrance of any kind against the Debtor or any third-party guarantor arising from a Claim. Such injunction expires at the end of the Plan term at which time all Allowed Claims will have been paid in accordance with the terms of the Plan.

## ARTICLE IX.  MISCELLANEOUS PROVISIONS

**9.1      Request for Relief Under Bankruptcy Code § 1129(b)**

In the event any Impaired Class of Claims or Interests shall fail to accept this Plan in accordance with Bankruptcy Code § 1129(a), the Debtor requests that the Bankruptcy Court confirm this Plan in accordance with the provisions of Bankruptcy Code § 1129(b).

**9.2      Headings**

All headings utilized in this Plan are for convenience and reference only and shall not constitute a part of this Plan for any other purpose.

**9.3      Due Authorization**

Each and every Claimant who elects to participate in the distributions provided for herein warrants that such Claimant is authorized to accept, in consideration of such Claim against the Debtor, the distributions provided for in this Plan and that there are not outstanding commitments, agreements, or understandings, express or implied, that may or can in any way defeat or modify the rights conveyed or obligations undertaken by such Claimant under this Plan.

**9.4      Further Assurances and Authorizations**

The Debtor shall seek such orders, judgments, injunctions, and rulings that may be required to carry out further the intentions and purposes, and to give full effect to the provisions of, this Plan.

**9.5      Applicable Law**

Except to the extent that the Bankruptcy Code or other federal law is applicable, the rights, duties, and obligations arising under this Plan shall be governed by and construed and enforced in

accordance with the internal laws of the State of Texas without reference to the laws of other jurisdictions.

### 9.6    No Interest

Except as expressly stated in this Plan, or allowed by the Bankruptcy Court, no interest, penalty, or late charge is to be Allowed on any Claim subsequent to the Petition Date.

### 9.7    Post-Confirmation Actions

After Confirmation, the Debtor may, with the approval of the Bankruptcy Court, and so long as it does not materially or adversely affect the interests of the Creditors, remedy any defect or omission, or reconcile any inconsistencies in the Plan or in the Confirmation Order, in such manner as may be necessary to carry out the purposes and effect of the Plan.

### 9.8    Notices of Default

In the event of a default under the Plan, the affected Claimant or its counsel shall provide notice to counsel for the Debtor/Reorganized Debtor. The Debtor/Reorganized Debtor shall have twenty (20) days to cure the default. In the event the Debtor/Reorganized Debtor fails to cure the default within 20 days after receipt of notice, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside of the Bankruptcy Court. The Debtor/Reorganized Debtor shall only be entitled to two notices of default. In the event of a third default, the Claimant shall be entitled to pursue collection of all amounts owed pursuant to state law outside the Bankruptcy Court without further notice.

### 9.9    Notices

All notices, requests, elections, or demands in connection with the Plan shall be in writing and shall be deemed to have been given when received or, if mailed, five (5) days after the date of mailing provided such writing shall have been sent by registered or certified mail, postage prepaid, return receipt requested. A copy of all notices provided to the Debtor under this Plan shall be sent to: (i) the Debtor at 1185 W Hwy 67, Alvarado TX 76009, and (ii) the Debtor's attorney, Joyce W. Lindauer, Joyce W. Lindauer Attorney, PLLC, 1412 Main Street. Suite 500 Dallas TX 75202 Telephone: (972) 503-4033; Fax: (972) 503-4034; Email: joyce@joycelindauer.com.

### 9.10    Payment Dates

Whenever any payment or distribution to be made under the Plan shall be due on a day other than a Business Day, such payment or distribution shall instead be made, without interest, on the next Business Day, except as may be provided in negotiable instruments requiring such payments.

### 9.11    De Minimis Distribution

No single distribution payment of less than $5.00 shall be required to be made to any holder of an Allowed Claim. Rather, any such de minimis distribution amount shall be held by the Debtor,

added to the amount of the next distribution, and remitted to the holder of the Allowed Claim upon reaching a total greater than $5.00.

Dated: January 13, 2025.

Respectfully submitted,

_/s/ Joyce W. Lindauer_
Joyce W. Lindauer
State Bar No. 21555700
Joyce W. Lindauer Attorney, PLLC
1412 Main St. Suite 500
Dallas, Texas 75202
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Attorneys for Debtor

_/s/ Satish D. Patel_
Managing Member of the Debtor

# EXHIBIT "1"

**Schedules/Statements/New Case Deficiencies:**

[24-43756-elm11 Bhavichand, LLC](#)

| | | | |
|---|---|---|---|
| | | | Filed: 10/16/2024 Closed: |
| | | | Reopen: Dismissed: |
| | | | Dismissed(jdb): |
| | | | Converted: Discharged: |
| Type: bk | Chapter: 11 v | Office: 4 (Ft. Worth) | Discharged(jdb): |
| Assets: y | Judge: elm | Case Flag: REFORM, Subchapter_V, SmBus, EXHIBITS | |

[Summary](#)   [History](#)   [Parties](#)   [Filers](#)   [Docket Sheet](#)   [Deadlines/Hearings](#)   [Status](#)   [Pending Motions](#)   [Creditors](#)   [Claims Register](#)

**U.S. Bankruptcy Court**

**Northern District of Texas**

Notice of Electronic Filing

The following transaction was received from Joyce W. Lindauer entered on 11/15/2024 at 5:15 PM CST and filed on 11/15/2024
**Case Name:**          Bhavichand, LLC
**Case Number:**        [24-43756-elm11](#)
**Document Number:** [33](#)

**Docket Text:**
Schedules: Schedules A-B and D-H with Summary of Assets and Liabilities (with Declaration Under Penalty of Perjury for Non-Individual Debtors,). Filed by Debtor Bhavichand, LLC (RE: related document(s)[4] Notice of deficiency). (Lindauer, Joyce)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** Schedules(SlashS).PDF
**Electronic document Stamp:**
[STAMP bkecfStamp_ID=1017686615 [Date=11/15/2024] [FileNumber=50929591
-0] [a375f06bdf9026247789f9cd95ee619395c780619208072aa5f1a19940e635fd4
04e2b04b03618dffb103eb34240f43ec37914d5ebb93c6aa8d41a71c0b7f3ce]]

**24-43756-elm11 Notice will be electronically mailed to:**

Joyce W. Lindauer on behalf of Debtor Bhavichand, LLC
joyce@joycelindauer.com, dian@joycelindauer.com

Mark Joseph Petrocchi on behalf of Creditor Sadit LLC
mpetrocchi@lawgjm.com, acamarena@lawgjm.com;mpetrocchi@yahoo.com;acamarena@lawgjm.com

Frances Anne Smith on behalf of Trustee Frances A. Smith (SBRA V)
frances.smith@rsbfirm.com, michael.coulombe@rsbfirm.com

Frances A. Smith (SBRA V)
frances.smith@judithwross.com

Dawn Whalen Theiss on behalf of Creditor Small Business Administration
dawn.theiss@usdoj.gov, brooke.lewis@usdoj.gov;CaseView.ECF@usdoj.gov

United States Trustee
ustpregion06.da.ecf@usdoj.gov

**24-43756-elm11 Notice will not be electronically mailed to:**

**Fill in this information to identify the case**

| | |
|---|---|
| Debtor name | **Bhavichand, LLC** |
| United States Bankruptcy Court for the: | **NORTHERN DISTRICT OF TEXAS** |
| Case number (if known) | **24-43756-elm** |

☐ Check if this is an amended filing

Official Form 206A/B

## Schedule A/B: Assets -- Real and Personal Property

12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

---

**Part 1:**   Cash and cash equivalents

1. **Does the debtor have any cash or cash equivalents?**

   ☐ No. Go to Part 2.
   ☑ Yes. Fill in the information below.

   **All cash or cash equivalents owned or controlled by the debtor**

   Current value of debtor's interest

2. **Cash on hand** _____

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*

   | Name of institution (bank or brokerage firm) | Type of account | Last 4 digits of account number | |
   |---|---|---|---|
   | 3.1. **Wells Fargo Checking Account** | **Checking account** | __ __ __ __ | $0.00 |

4. **Other cash equivalents**     *(Identify all)*

   Name of institution (bank or brokerage firm)

5. **Total of Part 1**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.   | $0.00 |

---

**Part 2:**   Deposits and prepayments

6. **Does the debtor have any deposits or prepayments?**

   ☑ No. Go to Part 3.
   ☐ Yes. Fill in the information below.

---

Debtor  **Bhavichand, LLC**_____    Case number (if known) __**24-43756-elm**__
          Name

                                                                                    **Current value of**
                                                                                    **debtor's interest**

**7.**  **Deposits, including security deposits and utility deposits**

        Description, including name of holder of deposit

**8.**  **Prepayments, including prepayments on executory contracts, leases, insurance, taxes, and rent**

        Description, including name of holder of prepayment

**9.**  **Total of Part 2.**                                                        $0.00
        Add lines 7 through 8. Copy the total to line 81.

| **Part 3:** | **Accounts receivable** |
|---|---|

**10.**  **Does the debtor have any accounts receivable?**

        ☑ No. Go to Part 4.
        ☐ Yes. Fill in the information below.

                                                                                    **Current value of**
                                                                                    **debtor's interest**

**11.**  **Accounts receivable**

11a.  90 days old or less: _____  –  _____  =  ..............  ➔  _____
                            face amount           doubtful or uncollectible accounts

11b.  Over 90 days old: _____  –  _____  =  ..............  ➔  _____
                          face amount           doubtful or uncollectible accounts

**12.**  **Total of Part 3**                                                        $0.00
        Current value on lines 11a + 11b = line 12. Copy the total to line 82.

| **Part 4:** | **Investments** |
|---|---|

**13.**  **Does the debtor own any investments?**

        ☑ No. Go to Part 5.
        ☐ Yes. Fill in the information below.

                                                            **Valuation method**        **Current value of**
                                                            **used for current value**   **debtor's interest**

**14.**  **Mutual funds or publicly traded stocks not included in Part 1**

        Name of fund or stock:

**15.**  **Non-publicly traded stock and interests in incorporated and unincorporated**
         **businesses, including any interest in an LLC, partnership, or joint venture**

         Name of entity:                             % of ownership:

**16.**  **Government bonds, corporate bonds, and other negotiable and**
         **non-negotiable instruments not included in Part 1**

         Describe:

**17.**  **Total of Part 4**                                                        $0.00
        Add lines 14 through 16. Copy the total to line 83.

| **Part 5:** | **Inventory, excluding agriculture assets** |
|---|---|

**18.**  **Does the debtor own any inventory (excluding agriculture assets)?**

        ☑ No. Go to Part 6.
        ☐ Yes. Fill in the information below.

Debtor    **Bhavichand, LLC**    Case number (if known)  **24-43756-elm**
             Name

| General description | Date of the last physical inventory MM/DD/YYYY | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| 19. **Raw materials** | | | | |
| 20. **Work in progress** | | | | |
| 21. **Finished goods, including goods held for resale** | | | | |
| 22. **Other inventory or supplies** | | | | |

23. **Total of Part 5**

    Add lines 19 through 22.  Copy the total to line 84.                                                    **$0.00**

24. **Is any of the property listed in Part 5 perishable?**
    ☐ No
    ☐ Yes

25. **Has any of the property listed in Part 5 been purchased within 20 days before the bankruptcy was filed?**
    ☐ No
    ☐ Yes.  Book value _____    Valuation method _____    Current value _____

26. **Has any of the property listed in Part 5 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

27. **Does the debtor own or lease any farming or fishing-related assets (other than titled motor vehicles and land)?**

    ☑ No.  Go to Part 7.
    ☐ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 28. **Crops--either planted or harvested** | | | |
| 29. **Farm animals**  *Examples:* Livestock, poultry, farm-raised fish | | | |
| 30. **Farm machinery and equipment**  (Other than titled motor vehicles) | | | |
| 31. **Farm and fishing supplies, chemicals, and feed** | | | |
| 32. **Other farming and fishing-related property not already listed in Part 6** | | | |

33. **Total of Part 6.**

    Add lines 28 through 32.  Copy the total to line 85.                                                    **$0.00**

34. **Is the debtor a member of an agricultural cooperative?**
    ☐ No
    ☐ Yes.  Is any of the debtor's property stored at the cooperative?
           ☐ No
           ☐ Yes

35. **Has any of the property listed in Part 6 been purchased within 20 days before the bankruptcy was filed?**
    ☐ No
    ☐ Yes.  Book value _____    Valuation method _____    Current value _____

36. **Is a depreciation schedule available for any of the property listed in Part 6?**
    ☐ No
    ☐ Yes

37. **Has any of the property listed in Part 6 been appraised by a professional within the last year?**
    ☐ No
    ☐ Yes

Debtor   **Bhavichand, LLC**                                           Case number (if known)   **24-43756-elm**
_____
Name

## Part 7: Office furniture, fixtures, and equipment; and collectibles

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
☒ Yes.  Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **39. Office furniture** | | | |
| Office furniture for 45 hotel rooms including beds, side tables, chairs, linens | | | $30,000.00 |
| **40. Office fixtures** | | | |
| Office furnishings and fixtures for 45 room hotel including WiFi internet, air conditioning units, clothes dryers, microwaves, refrigerators, televisions, telephones, jacuzzi and pool equipment | | | $35,000.00 |

**41. Office equipment, including all computer equipment and communication systems equipment and software**

**42. Collectibles**  *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card collections; other collections, memorabilia, or collectibles

**43. Total of Part 7.**
Add lines 39 through 42.  Copy the total to line 86.                                    $65,000.00

**44. Is a depreciation schedule available for any of the property listed in Part 7?**
☒ No
☐ Yes

**45. Has any of the property listed in Part 7 been appraised by a professional within the last year?**
☒ No
☐ Yes

## Part 8: Machinery, equipment, and vehicles

**46. Does the debtor own or lease any machinery, equipment, or vehicles?**

☒ No.  Go to Part 9.
☐ Yes.  Fill in the information below.

| General description Include year, make, model, and identification numbers (i.e., VIN, HIN, or N-number) | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| **47. Automobiles, vans, trucks, motorcycles, trailers, and titled farm vehicles** | | | |
| **48. Watercraft, trailers, motors, and related accessories** Examples: Boats trailers, motors, floating homes, personal watercraft, and fishing vessels | | | |
| **49. Aircraft and accessories** | | | |
| **50. Other machinery, fixtures, and equipment (excluding farm machinery and equipment)** | | | |

**51. Total of Part 8.**
Add lines 47 through 50.  Copy the total to line 87.                                    $0.00

**52. Is a depreciation schedule available for any of the property listed in Part 8?**
☐ No
☐ Yes

Debtor    **Bhavichand, LLC**                                    Case number (if known)  **24-43756-elm**
      Name

53. **Has any of the property listed in Part 8 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 9: Real property

54. **Does the debtor own or lease any real property?**

☑ No. Go to Part 10.
☐ Yes. Fill in the information below.

55. **Any building, other improved real estate, or land which the debtor owns or in which the debtor has an interest**

| Description and location of property | Nature and extent of debtor's interest in property | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|---|
| Include street address or other description such as Assessor Parcel Number (APN), and type of property (for example, acreage, factory, warehouse, apartment or office building), if available. | | | | |

56. **Total of Part 9.**
Add the current value on lines 55.1 through 55.6 and entries from any additional sheets.  Copy the total to line 88.        **$0.00**

57. **Is a depreciation schedule available for any of the property listed in Part 9?**
☐ No
☐ Yes

58. **Has any of the property listed in Part 9 been appraised by a professional within the last year?**
☐ No
☐ Yes

## Part 10: Intangibles and Intellectual Property

59. **Does the debtor have any interests in intangibles or intellectual property?**

☐ No. Go to Part 11.
☑ Yes. Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 60. **Patents, copyrights, trademarks, and trade secrets** | | | |
| 61. **Internet domain names and websites** | | | |
| 62. **Licenses, franchises, and royalties** | | | |
| **Motel 6 Franchise Agreement** | | | **$0.00** |
| 63. **Customer lists, mailing lists, or other compilations** | | | |
| 64. **Other intangibles, or intellectual property** | | | |
| 65. **Goodwill** | | | |

66. **Total of Part 10.**
Add lines 60 through 65.  Copy the total to line 89.        **$0.00**

67. **Do your lists or records include personally identifiable information of customers** (as defined in 11 U.S.C. §§ 101(41A) and 107)**?**
☑ No
☐ Yes

68. **Is there an amortization or other similar schedule available for any of the property listed in Part 10?**
☑ No
☐ Yes

Debtor    **Bhavichand, LLC**_____    Case number (if known)    **24-43756-elm**_____
       Name

69. **Has any of the property listed in Part 10 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

## Part 11: All other assets

70. **Does the debtor own any other assets that have not yet been reported on this form?**
    Include all interests in executory contracts and unexpired leases not previously reported on this form.

    ☐ No. Go to Part 12.
    ☑ Yes. Fill in the information below.

|  | Current value of debtor's interest |
|---|---|
| 71. **Notes receivable** | |
| Description (include name of obligor) | |
| 72. **Tax refunds and unused net operating losses (NOLs)** | |
| Description (for example, federal, state, local) | |
| 73. **Interests in insurance policies or annuities** | |
| 74. **Causes of action against third parties (whether or not a lawsuit has been filed)** | |
| 75. **Other contingent and unliquidated claims or causes of action of every nature, including counterclaims of the debtor and rights to set off claims** | |
| 76. **Trusts, equitable or future interests in property** | |
| 77. **Other property of any kind not already listed**  *Examples:* Season tickets, country club membership | |
| **Debtor owns the hotel based on a Contract for Deed** | **$2,300,000.00** |
| 78. **Total of Part 11.** Add lines 71 through 77.  Copy the total to line 90. | **$2,300,000.00** |

79. **Has any of the property listed in Part 11 been appraised by a professional within the last year?**
    ☑ No
    ☐ Yes

Debtor    **Bhavichand, LLC**                                    Case number (if known) __24-43756-elm__
_____
Name

---

**Part 12:** **Summary**

---

In Part 12 copy all of the totals from the earlier parts of the form.

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. **Cash, cash equivalents, and financial assets.** *Copy line 5, Part 1.* | **$0.00** | |
| 81. **Deposits and prepayments.** *Copy line 9, Part 2.* | **$0.00** | |
| 82. **Accounts receivable.** *Copy line 12, Part 3.* | **$0.00** | |
| 83. **Investments.** *Copy line 17, Part 4.* | **$0.00** | |
| 84. **Inventory.** *Copy line 23, Part 5.* | **$0.00** | |
| 85. **Farming and fishing-related assets.** *Copy line 33, Part 6.* | **$0.00** | |
| 86. **Office furniture, fixtures, and equipment; and collectibles.** *Copy line 43, Part 7.* | **$65,000.00** | |
| 87. **Machinery, equipment, and vehicles.** *Copy line 51, Part 8.* | **$0.00** | |
| 88. **Real property.** *Copy line 56, Part 9* ...............................➔ | | **$0.00** |
| 89. **Intangibles and intellectual property.** *Copy line 66, Part 10.* | **$0.00** | |
| 90. **All other assets.** *Copy line 78, Part 11.* | **+ $2,300,000.00** | |
| 91. **Total.** Add lines 80 through 90 for each column. 91a. | **$2,365,000.00** | **+** 91b. **$0.00** |

92. **Total of all property on Schedule A/B.** Lines 91a + 91b = 92 ..................................................... **$2,365,000.00**